UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOBALO, LLC, a California limited liability company,<br><br>         Plaintiff,<br><br>v.<br><br>HORIZON GROUP USA, INC., a California corporation; HORIZON GROUP USA, INC., a New Jersey corporation; TARGET CORPORATION, a Delaware corporation,<br><br>         Defendants. | Case No.: 21-CV-1639 TWR (MSB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 24) |

  Presently before the Court is the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Mot.," ECF No. 24) filed by Defendants Horizon Group USA, Inc., a California corporation ("Horizon-CA"); Horizon Group USA, Inc., a New Jersey corporation ("Horizon-NJ") (together with Horizon-CA, the "Horizon Defendants"); and Target Corporation, as well as Plaintiff Gobalo, LLC's untimely Response in Opposition to ("Opp'n," ECF No. 25) and Defendants' Reply in Support of ("Reply," ECF No. 26) the

/ / /

/ / /

Motion.[1]  The Court vacated the hearing and took the Motion under submission on the papers pursuant to Civil Local Rule 7.1(d)(1).  (*See* ECF No. 28.)  Having carefully considered Plaintiff's First Amended Complaint ("FAC," ECF No. 22), the Parties' arguments, and the relevant law, the Court **GRANTS** Defendants' Motion.

## BACKGROUND[2]

Plaintiff initiated this patent infringement action on September 17, 2021, (*see generally* ECF No. 1), and filed the operative First Amended Complaint on May 31, 2022.  (*See generally* ECF No. 22.)  Plaintiff generally alleges that Defendants infringe its "federal registered patent number[] US 8,430,241 B1 (Hair-Appliance Holder) [(the "'241 Patent"),] which is a continuation in part of patent application 12/623,740 for patent number US 8,434,615 B2 (Hair-Appliance Holder) [(the "'615 Patent")]" (the "Patents-in-Suit").  (*See id.* ¶ 2.)  Plaintiff requests "[t]reble damages permitted by 35 U.S.C. § 284," (*see id.* ¶ 19(c); *see also id.* Prayer ¶ 2), alleging that "Defendants' infringement has been willful and deliberate.  On information and belief, defendant TARGET was aware of [P]laintiff's '241 and '615 patents because defendant TARGET had sold [P]laintiff's patented product in its stores.  Defendant TARGET later purchased the infringing product from defendant HORIZON-NJ and/or HORIZON-CA at a lower price."  (*See id.* ¶ 17.)

Defendants filed the instant Motion challenging the sufficiency of Plaintiff's willfulness allegations on June 15, 2022.  (*See generally* ECF No. 24.)

/ / /

---

[1] Plaintiff filed its Opposition on August 4, 2022, fourteen calendar days before the noticed hearing date of August 18, 2022.  *See* S.D. Cal. CivLR 7.1(e)(2).  Pursuant to the undersigned's Standing Order for Civil Cases, however, Plaintiff's Opposition was due no later than July 21, 2022, twenty-eight days before the noticed hearing date of August 18, 2022.  (*See* Civil Standing Order § III.B.2.)  Plaintiff's Opposition therefore is untimely pursuant to the undersigned's Civil Standing Order.  Although the Court therefore would be within its discretion to grant Defendants' Motion as unopposed, *see* S.D. Cal. CivLR 7.1(f)(3)(c); Standing Order for Civil Cases § III.A.2, it is the Court's preference to dispose of all matters on the merits.

[2] For purposes of Defendants' Motion, the facts alleged in Plaintiff's First Amended Complaint are accepted as true.  *See Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

## LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the

challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

## ANALYSIS

Plaintiff seeks treble damages pursuant to 35 U.S.C. § 284, (*see* FAC ¶ 19(c); *see also id.* Prayer ¶ 2), which allows the court to provide enhanced damages for patent infringement "up to three times the amount found or assessed." *See* 35 U.S.C. § 284. In 2016, the Supreme Court cautioned that "[a]wards of enhanced damages under the Patent Act . . . are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103 (2016). According to the Supreme Court, "[t]he sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or— indeed—characteristic of a pirate." *See id.* at 103–04 (citing *id.* at 97–100). In other words, "a court may [not] award enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more.*" *See id.* at 110 (emphasis in original) (citing *id.* at 105–08) (Breyer, J., concurring).

Relying on *Halo*, Defendants contend that "Plaintiff's claim for willful infringement must be dismissed" because Plaintiff fails to allege that the Horizon Defendants even had knowledge of the Patents-in-Suit or "any communication by which Plaintiff ever informed any of the Defendants that they infringed any claim of the asserted patents, much less anything that could plausibly raise an inference that Defendants engaged in egregious conduct." (*See* Mot. at 10.[3]) Plaintiff responds that a Rule 12(b)(6) motion is not the

---

[3] Pin citations to Defendants' Motion refer to the CM/ECF pagination.

proper

/ / /

vehicle to attack a remedy as opposed to a claim, (*see* Opp'n at 2–4), and that Defendants' challenge to a post-trial remedy is premature. (*See id.* at 4–5.)

      The Court understands Plaintiff's position—*Halo* was not decided in the context of a Rule 12(b)(6) motion. Nonetheless, Defendants note that they "seek[] dismissal of Plaintiff's *claim* for willful infringement," (*see* Reply at 1 (emphasis added and original emphasis omitted)), rather than a remedy. Even if Defendants were moving to dismiss Plaintiff's request for enhanced damages, however, "willfulness (should a plaintiff seek to use it as a basis for seeking enhanced damages) is still a factual determination that a court must make, and district courts have continued, post-*Halo*, to treat it as a separate claim that can be subject to a motion to dismiss." *See Novitaz, Inc. v. inMarket Media, LLC*, No. 16-CV-06795-EJD, 2017 WL 2311407, at *5 (N.D. Cal. May 26, 2017) (collecting cases). The Court therefore concludes that Defendants' Motion is both timely and properly brought pursuant to Rule 12(b)(6).

      As for the sufficiency of Plaintiff's allegations, "[i]n the absence of any controlling Federal Circuit authority, the majority of district courts in the Ninth Circuit have adopted the view that 'allegations of knowledge alone are not sufficient to state a claim for willful infringement.'" *Smith v. Extreme Performance 1, LLC*, No. 5:20-CV-00328-RGK-SHK, 2020 WL 5092913, at *5 (C.D. Cal. June 23, 2020) (quoting *Document Security Sys., Inc. v. Lite-On, Inc.*, No. 17-06050 JVS(JCGx) 2018 WL 2422589, at *2 (C.D. Cal. Feb. 5, 2018)); *see also Universal Elecs. Inc. v. Roku, Inc.*, No. SACV181580JVSADSX, 2019 WL 1877616, at *14 (C.D. Cal. Mar. 5, 2019) ("This Court has previously joined the majority of district courts in the Ninth Circuit by holding that allegations of knowledge and continued infringement alone are insufficient to state a claim for willful infringement." (citing *Document Security Sys.*, 2018 WL 2422589, at *2, *3)); *Finjan, Inc. v. Cisco Sys., Inc.*, No. 17-CV-00072-BLF, 2018 WL 7131650, at *4 (N.D. Cal. Feb. 6, 2018) ("Numerous courts have required a complaint to plead some factual allegations to support

egregious behavior other than mere knowledge of the asserted patents to survive a motion to dismiss." (citing *Cont'l Cirs. LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 2651709, at *7–8 (D. Ariz. June 19, 2017); *Nanosys, Inc. v. QD Vision, Inc.*, No. 16-CV-01957, 2017 WL 35511, at *1 (N.D. Cal. Jan. 4, 2017))); *Document Sec. Sys., Inc v. Nichia Corp.*, No. CV-19-08172-JVS-JEMX, 2020 WL 3881623, at *3 (C.D. Cal. Mar. 4, 2020) ("[T]his Court has joined the majority of district courts in the Ninth Circuit in finding 'that allegations of knowledge alone are not sufficient to state a claim for willful infringement.'" (collecting cases)).  "Pursuant to *Halo*, this majority has concluded that although knowledge and continued infringement are pre-requisites to showing willfulness, a plaintiff must also show that the defendant engaged in 'egregious misconduct.'" *Smith*, 2020 WL 5092913, at *5 (citing *Cont'l Circuits*, 2017 WL 2651709, at *8)).

Here, Plaintiff alleges only that Target knew of the Patents-in-Suit—without more—and fails to allege that the Horizon Defendants even had knowledge of the Patents-in-Suit. (*See generally* FAC ¶ 7.)  Under the precedents identified above, these allegations are deficient under *Halo*; accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for willful patent infringement and request for treble damages pursuant to 35 U.S.C. § 284.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 24) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claim for willful patent infringement and request for treble damages pursuant to 35 U.S.C. § 284.  Accordingly, the Court **GRANTS** Plaintiff leave to file an amended complaint curing the deficiencies identified in this Order <u>within twenty-one (21) days of the electronic docketing of this Order</u>.  *Should Plaintiff fail timely to file an amended complaint, this action will proceed as to Plaintiff's surviving claims.*

**IT IS SO ORDERED.**

Dated:  August 22, 2022

*Todd Robinson*

Honorable Todd W. Robinson
United States District Judge